**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARYN STRUIF | ) |
| | ) |
|       Plaintiff, | ) |
| | )   No. 03 C 7468 |
|       v. | ) |
| | )   HONORABLE DAVID H. COAR |
| MK-I LLC; ONE FISH, TWO FISH LLC; | ) |
| MK-II LLC; RED FISH, BLUE FISH LLC | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is the Final Pretrial Order Summary and motions in limine in the above-captioned matter. This Court enters the Final Pretrial Order and rulings on motions in limine as stated below.

**I.   OBJECTIONS TO TRIAL EXHIBITS**

Defendants object to the tenth and eleventh exhibits on Plaintiff's (unnumbered) list because they were not produced during discovery and therefore are barred by Judge Mason's Order of September 14, 2004. This Court SUSTAINS the objection.

Defendants object to the first four exhibits and the last six exhibits on Plaintiff's (unnumbered) list on the ground that they are irrelevant. This objection is OVERRULED.

## II. MOTIONS IN LIMINE

### A. Plaintiff's Motion in Limine re Affidavits

Plaintiff Caryn Struif moves this court to prohibit affidavits as evidence unless a proper foundation is laid, and the affiant testifies and is subject to cross-examination. She states that witness affidavits are inadmissible hearsay, and therefore not admissible into evidence at trial to resolve disputed issues of fact, notwithstanding the fact that the affidavits may have been previously submitted to the defendant.

Plaintiff is correct that Federal Rule of Evidence 801 defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In so far as this motion is consistent with Rule 801, it is GRANTED.

### II. Plaintiff's Motion in Limine re: Arguments

Plaintiff moves this court to bar Defendants from presenting improper opening or closing arguments. Specifically, Plaintiff asks this Court to preclude defense counsel from offering personal opinions during such arguments.

Defendants "generally agree" that personal opinions of counsel in opening and closing arguments are improper. However, Defendants contend that counsel may argue inferences from the evidence presented at trial. *U.S. v. Goodapple*, 958 F.2d 1402, 1410-11 (7th Cir. 1992).

In so far as personal opinion of counsel is a form of legal argument, this motion is granted with regards to **opening statements**. Generally, courts are permitted great discretion with regards to the format and structure of closing statements. In so far as counsel is complying with all other rules and requirements of this Court, counsel should be permitted to argue

inferences from evidence permitted at trial. Plaintiff's motion in limine regarding arguments is GRANTED.

**III.     Plaintiff's Motion in Limine Regarding Post-MK Employment**

Plaintiff moves this Court to bar witnesses, testimony, and evidence regarding Plaintiff's employment history after her termination from the mk restaurants on the ground that such evidence is irrelevant and immaterial to the ultimate issues in the case. To be relevant, evidence must "in some degree advance the inquiry," 1 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 401.04[2][b], but it need not decide the ultimate issue in a case. Plaintiff asserts that her post-termination employment history does not advance the inquiry in her hostile work environment case against Defendants. Instead, she contends, Defendants' sole purpose in introducing this evidence is to demean her and, as such, it would be unfairly prejudicial under Rule 403. Fed. R. Evid. 403.

Defendants generally agree that evidence of post-termination employment is irrelevant to Plaintiff's damages claim or to establish Defendants' liability. However, Defendants allege that Plaintiff's post-termination history is relevant as rebuttal evidence (e.g., if Plaintiff should testify that she intended to work full-time after her termination) or as direct evidence of Plaintiff's actions or comments regarding her claims, even if made while working for a subsequent employer.

As Plaintiff notes in her motion, the issue in this hostile work environment case is what occurred at the mk restaurants, not what occurred afterwards. Whether or not Plaintiff intended to work full-time after Defendants terminated her employment is neither at issue nor relevant to the determination of the issues in this case. Defendants' use of evidence regarding Plaintiff's

post-termination history should only be permitted as rebuttal evidence if Plaintiff testifies on the subject. Plaintiff's motion is GRANTED with the caveat that such evidence may be used in rebuttal.

**IV.     Plaintiff's Motion in Limine Regarding "Good Faith" Defense**

Plaintiff asks this Court to prohibit Defendant from asserting an affirmative defense under *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) (the "good faith" or "*Faragher* defense"). Plaintiff states that a *Faragher* defense instruction requires Defendants first to show evidence that Plaintiff did not experience a tangible employment action; that employer reasonably attempted to correct and prevent sexual harassment; and that employee unreasonably failed to utilize the proper avenues to prevent or correct the harassment. Plaintiff contends instead that she has testified that she regularly complained of the harassment to her supervisor, Defendant Michael Kornick; that such complaints had no effect; and that the employer is strictly liable if the employee's supervisor created the hostile work environment. *Ellerth*, 524 U.S. 742 (1998).

Defendant asserts that Plaintiff's motion rests on two false assumptions. First, Plaintiff assumes her testimony that she complained about Kornick's behavior is uncontradicted. Defendants contend they have never conceded such facts. Second, Plaintiff assumes Defendants have no evidence to assert a *Faragher* defense. Defendant also contends that Plaintiff has not argued that she suffered a tangible employment action as a result of Defendant Kornick's conduct. Moreover, Defendants had policies and procedures in place for sexual harassment complaints that Plaintiff played a role in developing.

Under Seventh Circuit case law, "where the plaintiff suffered no tangible employment action ... the employer is entitled to establish by a preponderance of the evidence an affirmative [*Faragher*] defense...." *Savino v. C.P. Hall Co.*, 199 F.3d 925, 932 (7th Cir. 1999). Plaintiff may not foreclose Defendants' affirmative defense through a conclusory statement that such a defense will fail, which is what Plaintiff appears to be attempting here. Defendants are entitled to put on the affirmative defenses available to them under the law. Plaintiff's motion is DENIED.

**V.      Plaintiff's Motion in Limine Regarding Job Performance**

Plaintiff seeks to prevent Defendants from introducing witnesses, testimony, or evidence pertaining to Plaintiff's alleged job performance. Plaintiff argues that although her job performance is "a factor" in determining whether a hostile work environment existed, an affirmative allegation of poor performance is not a defense to the claim. Plaintiff contends Defendants have little evidence on which to base such an allegation; and that a performance allegation would be unfairly prejudicial under Rule 403.

Defendant asserts that evidence relating to Plaintiff's job performance is irrelevant to Plaintiff's claims and Defendants' defenses except to the extent that Plaintiff raises her performance or her termination or in the context of providing background for relevant conversations between Plaintiff and Defendant Kornick. Defendants note that they have moved to bar Plaintiff from arguing for any purpose, including statute of limitations issues, that her termination was a discriminatory act or part of her hostile work environment claim; Defendants assert that all parties should be subject to the same evidentiary restrictions.

Evidence relating to Plaintiff's job performance is irrelevant to the hostile work environment claim and to Defendants' defenses. Such evidence, if introduced, is likely to be

prejudicial, but it is not clear from these motions that such prejudice would outweigh the probative value of the evidence. Plaintiff's motion is DENIED.

## VI. Plaintiff's Motion in Limine Regarding Psychiatric Treatment

Plaintiff moves this Court to bar Defendants from asserting that Plaintiff's lack of psychological treatment during or after her employment with Defendants precludes a finding of injury under Title VII. Plaintiff notes that Supreme Court case law has held that psychological injury is not a prerequisite to a finding of hostile work environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).

Defendants acknowledge that Plaintiff need not present evidence of psychiatric or medical treatment in order to recover for emotional distress, but argues that the lack of such evidence is relevant to a jury's determination of damages.

Evidence of psychological harm is relevant to determining whether a plaintiff found an environment subjectively hostile or abusive, *Harris*, 510 U.S. at 23, in addition to determining damages for emotional injury. Evidence of psychological harm, "like any other factor, may be taken into account," but no single factor is required. *Id.* Plaintiff's motion is DENIED.

## VII. Plaintiff's Motion in Limine Regarding Personal Jurisdiction

Plaintiff seeks to bar Defendants from presenting evidence and testimony at trial to assert that this Court lacks personal jurisdiction over Defendants due to defective service of process. Plaintiff notes, first, that Defendants raised the issue of insufficiency service of process in their Rule 12(b)(5) motion to dismiss. In that motion, Defendants erroneously relied on state law regarding service of process; Plaintiff's response demonstrated that federal law was applicable and service therefore proper. *Union Asbestos & Rubber Co. v. Evans Products Co.*, 328 F.2d 949

(7th Cir. 1964) (finding service made on defendant's secretary at defendant's office sufficient because defendant was often out of his office and because the summons was communicated immediately to defendant at his home office). This Court denied Defendants' motion to dismiss on May 5, 2004.

Plaintiff contends that Defendants now improperly seek to conduct a jury trial on the issue of sufficiency of service of process in this case. Plaintiff cites Fifth and Seventh Circuit case law, which state that jurisdictional issues are for the court to decide. *Crawford v. U.S.*, 796 F.2d 924, 928-29 (7th Cir. 1986) ("If the defendant thinks the court lacks jurisdiction, his proper course is to request an evidentiary hearing on the issue."); *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981) ("Jurisdictional issues are for the court – not a jury – to decide, whether they hinge on legal or factual determinations."). The Seventh Circuit also succinctly noted that "no case can properly go to trial if the court is not satisfied that it has jurisdiction." *Crawford*, 796 U.S. at 928.

Defendants raised their insufficient service of process claim in their motion to dismiss, which this Court denied. Defendants have not sought an evidentiary hearing on the question. Therefore, Plaintiff asserts, Defendants have waived further proceedings on this issue.

Defendants contend that they have not waived further proceedings on the issue of insufficiency of service of process. Instead, Defendants have asserted it as an affirmative defense in their Answer to Plaintiff's Amended Complaint, even after this Court denied their motion to dismiss, which included insufficient service of process as a ground. Defendants acknowledge, however, that they have been "unable to find a case which states that an insufficiency of process defense should be submitted to jury even if previously denied by the Trial Court." Instead,

Defendants content that the scope of an agent's authority is a question of fact traditionally decided by the jury.

Defendant further argues that it has found no case and Plaintiff has cited no case that holds that a defendant waives an insufficiency of process defense by not requesting an evidentiary hearing after a trial court denies a motion to dismiss.

Federal Rule of Civil Procedure 12(h) governs the waiver or preservation of certain defenses, including insufficiency of service of process (Rule 12(b)(5)). Fed. R. Civ. P. 12(h) (2000). Rule 12(h)(1) states

> A defense of ... insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Wright and Miller note that the message of the rules is clear: if a litigant wishes to challenge personal jurisdiction, venue, or service of process, she must do so "at the time the first defensive motion is made." 5C Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1391 (2004). Defendants in this case raised the insufficiency of service of process in its motion to dismiss and submitted supporting affidavits. This Court denied that motion. Defendants then filed their Answer to Plaintiff's Amended Complaint and asserted insufficiency of process as an affirmative defense. Defendants did not, however, raise this issue in their motion for summary judgment,[1] which this Court decided on December 13, 2004. Wright and Miller note that "a party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of

---

[1] Defendants also failed to file their motion for summary judgment under any restrictive language indicating their intention to continue to pursue the insufficiency of process claim.

Rule 12(h)(1) have been met"; they state, however, that cases seem to turn on "the particular circumstances" of an individual case. 5C Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1391 (2004). Plaintiff's motion is GRANTED.

**VIII. Plaintiff's Motion in Limine Regarding Settlement**

Plaintiff moves this Court to preclude Defendants from presenting evidence of settlement discussions between the parties, whether before or during this litigation, as irrelevant and improper under Federal Rule of Evidence 408.

Plaintiff's motion is GRANTED.

**IX. Plaintiff's Motion in Limine Regarding Jurisdiction Over Defendants Not Specifically Named In Plaintiff's EEOC Charge**

Plaintiff seeks to bar Defendants from presenting evidence and testimony at trial that this Court is without personal jurisdiction over the two Defendants not specifically named in Plaintiff's EEOC Charge. As support for her motion, Plaintiff cites the same reasoning and authority cited in her Motion in Limine Regarding Personal Jurisdiction (*supra* VII.). Specifically, Defendants raised this issue in their motion to dismiss, which this Court denied on May 5, 2004. Defendants have not requested an evidentiary hearing on the issue, nor raised it in any further dispositive pleadings. As such, Plaintiff contends the issue of personal jurisdiction is waived.

Defendants reassert their arguments from Defendants' Response to Plaintiff's Motion in Limine Regarding Personal Jurisdiction (*supra* VII.). Namely, Defendants assert that although they can find no case law holding that the defense of lack of personal jurisdiction should be submitted to a jury after a trial court has denied it, the defense is not waived. Specifically, Defendants contend that the lack of personal jurisdiction implicates the two unnamed

Defendants' notice of the charges now raised against them. *Torretto v. I.B. Diffusion, L.P.*, No. 92 C 2758, 1992 WL 345048 (N.D. Ill. Nov. 12, 1992).

The case Defendants cite is not helpful to their position. *Torretto* deals with a motion to dismiss, where defendants moved to dismiss on the grounds that they were not named in the plaintiff's EEOC charge. The *Torretto* court denied defendants motions to dismiss, noting that the requirement of liberally construing EEOC charges indicates that where "a party is directly or indirectly identified in the factual statement, that party may be subject to a Title VII claim." *Torretto*, No. 92 C 2758, 1992 WL 345048, at *3 (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018 (1982)). The *Torretto* case involved an allegedly harassing supervisor at plaintiff's employer company, which was a general partner of another company; the supervisor was apparently the President of both partner companies. The court in *Torretto* found it significant that the "parent" corporation in the case was a general partner with the plaintiff's employer company and as such would have actual notice of the plaintiff's EEOC charge against the individual defendant, who was, in any case, the President of both companies.

Defendants' situation in the instant case is similar. Plaintiff's EEOC complaint only identified MK-I LLC and MK-II LLC by name; the complaint refers to harassment by Plaintiff's "supervisor," whom this Court has previously identified as Defendant Kornick. According to Defendants' Local Rule 56.1 Statement of Undisputed Facts, Defendant Kornick is the sole member of One Fish Two Fish LLC, which is the managing member of MK-I LLC. Defendant Kornick and his wife are the only two members of Red Fish Blue Fish LLC; Red Fish Blue Fish LLC is the managing member of MK-II LLC. Thus, all Defendants in this action had notice of

the charges in Plaintiff's EEOC complaint. Moreover, Defendants failed to raise this issue in their summary judgment motion, fail to cite case law to support their argument, and have proceeded through months of litigation proceedings with this Court and the Magistrate Judge without requesting an evidentiary hearing on this issue, if one is even proper.

Plaintiff's motion is GRANTED.

## X.     Defendants' Motion in Limine Regarding Alleged Drug Use

Defendants ask this Court to bar Plaintiff from introducing any evidence of any drug use by anybody. Defendants note that Plaintiff testified in her deposition to alleged drug use by employees of Marché, the restaurant where Plaintiff and Kornick first worked together. Plaintiff also made reference to drug use by Marché employees in her Local Rule 56.1 statement of undisputed facts. Defendants argue first that these assertions of drug use are irrelevant or unfairly prejudicial under Federal Rules of Evidence 402 and 403.

If Plaintiff tries to introduce this testimony at all, it will likely be to demonstrate the difference between the work environment at Marché and that of the mk restaurants. This evidence is likely to be highly prejudicial and its probative value is somewhat uncertain. The management at Marché did not significantly overlap with that of the mk restaurants. Plaintiff's claims in the instant case do not rest on allegations of employee drug use at the mk restaurants. However, Defendants' effort to prevent Plaintiff from introducing any evidence of any kind of drug use by anybody is not sufficiently supported. Defendants do not clearly set forth the reasons why such a blanket prohibition is necessary. Therefore, Defendants' motion is DENIED.

## XI. Defendants' Motion in Limine Regarding Unsupported Allegations

Defendants seek to bar Plaintiff from testifying to or about "any allegedly offensive[] comments by persons she has not specifically disclosed." In support, Defendants contend that Plaintiff has failed to identify any member of either mk–Chicago or mk North management staff who also engaged in "graphic descriptions of sexual acts, including descriptions of the location and events of sexual acts." Thus, Defendants contend, any such testimony would be unsupported and therefore inadmissible hearsay.

Plaintiff's deposition testimony identified Defendant Kornick's wife, Lisa Koch, as another member of the mk restaurants' management staff who had made sexual comments in Plaintiff's presence. The statements of other employees may not, in themselves, constitute a hostile work environment. They are, however, relevant to the determination of whether an objectively hostile work environment existed. Plaintiff should be permitted to testify to sexual statements in the workplace, subject to hearsay restrictions. Defendants' motion is DENIED.

## XII. Defendants' Motion in Limine Regarding Defendants' Statute of Limitations Defense

Defendants ask this Court to instruct Plaintiff that she will not be permitted to use her termination as a discriminatory act for the purposes of the EEOC charge statute of limitations. As support, Defendants point to this Court's December 13, 2004 memorandum opinion, where, in the context of discussing Plaintiff's wrongful termination count, this Court stated that Plaintiff "is unable to establish that [Defendants' proffered legitimate nondiscriminatory] reason is pretextual." Mem. Op., Dec. 13, 2004, at 23.

Because Defendants motion is highly confusing and its relevance to a hostile work environment claim is unclear, this motion is DENIED.

**XIII. Defendants' Motion in Limine Regarding Alleged Statements to Third Parties**

Defendants seek to exclude any alleged statements made by the Defendants to third parties in the case. The statements include conversations between Defendant Kornick and Bernard Laskowski, to which Plaintiff was not a party; and any evidence regarding shareholder distributions from either mk–Chicago or mk North restaurants.

Although the Seventh Circuit has held that second-hand harassment, where a plaintiff hears hostile or abusive comments directed at a third-party or hears from a third-party about hostile or abusive comments directed at plaintiff, does not have as great an impact as direct harassment, second-hand harassment is not irrelevant to the determination of a hostile work environment. It is not clear, however, that testimony by Bernard Laskowski qualifies as second-hand harassment or, indeed, what the relevance of this testimony to a hostile work environment claim is. Subject to ordinary hearsay restrictions, Plaintiff may offer evidence of second-hand harassment. Defendants' motion is DENIED.

**XIV. Defendants' Motion in Limine Regarding Undisclosed Witnesses**

Defendants seek to prevent Plaintiff from calling six potential individuals Plaintiff has identified as potential trial witnesses on the ground that Plaintiff failed to disclose their identities at any prior point in the proceedings.

Plaintiff asserts that Defendants are mistaken about the testimony these six individuals would offer; that Defendants knew of these six individuals' existence because all are former employees of mk restaurants, etc.

Plaintiff failed to disclose these six individuals, in direct violation of Rule 26(a)(3). Rule 37(c)(1) authorizes the court to bar a witness who was not disclosed pursuant to Rule 26 unless

the failure to disclose was "harmless." Plaintiff has not demonstrated harmlessness as to the undisclosed witnesses who are the subject of this motion, and, accordingly, Defendants' motion is GRANTED.

**XV.   Defendants' Motion in Limine Regarding Plaintiff's Damages**

Defendants move this Court to bar Plaintiff from introducing any evidence of lost wages or benefits or make any reference thereto to the jury. Defendants base this motion on this Court's decision on Defendants' summary judgment motion, in which this Court found Plaintiff could not establish that Defendants' reason for terminating her was pretextual.

Insofar as this motion objects to Plaintiff's Proposed Jury Instruction No. 18, it is improperly cast as a motion in limine. That part of the motion is DENIED.

**XVI.   Defendants' Motion in Limine Regarding Plaintiff's Opinion Testimony**

Defendant seeks to prevent Plaintiff from testifying about her beliefs regarding Defendant Kornick's motive for changing into or out of his work clothes in Plaintiff's presence. Defendant asserts that Plaintiff's beliefs are nothing more than speculation and therefore irrelevant.

Plaintiff contends that her beliefs reflect her subjective understanding of Defendants' actions as constituting harassment.

Under Rule 803(3), a statement of a declarant's then existing state of mind is an exception to the rule against hearsay, *unless* it is a "statement of ... belief to prove the fact ... believed...." In so far as Plaintiff's testimony reflects a statement of her belief as to Defendant Kornick's motivations and is introduced for the purpose of proving that fact, Defendants' motion is GRANTED.

**XVII. Defendants' Motion for Admittance of Fed. R. Evid. 412 Material**

Defendants move this Court to enter an order permitting Defendants to introduce certain evidence of Plaintiff Struif's workplace sexual behavior and sexual predisposition as part of their defense of Plaintiff's hostile work environment allegations. Under Rule 412, evidence that a victim engaged in sexual behavior or evidence of a victim's sexual predisposition is admissible if a) it is otherwise admissible under the rules; and b) the probative value of the evidence substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.

Defendants contend that Plaintiff may seek to prove the allegations in paragraph 25(b) of her Amended Complaint, namely that Defendant Kornick knowingly acquiesced in conversations among management staff at the mk restaurants that involved graphic descriptions of sexual acts and the locations and events of such acts. If Plaintiff seeks to introduce evidence on this issue, Defendants argue that they are entitled to offer evidence that she also engaged in sexually explicit conversations at the mk restaurants.

Defendants also contend that evidence of Plaintiff's workplace sexual behavior and sexual predisposition is directly relevant to whether the alleged conduct was unwelcome and/or subjectively offensive.

Defendants filed this motion on January 17, 2005 (a holiday), which was exactly fourteen days before the trial date. It is unclear that Defendants have complied with Rule 412(c)(1)(A)'s requirement that they specifically describe the evidence in question. An admissibility determination can only be made after an in camera hearing, which the victim may attend. As a threshold matter, it is not clear that Defendants have met their burden under Rule 412(b)(2)'s

balancing test to demonstrate that probative value of the evidence substantially outweighs its prejudicial effect. Mere conclusory statements are insufficient. Defendants motion is DENIED.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: March 16, 2005